## KING v. UNITED STATES.
### Congressional No. 17845.

Court of Claims.
Nov. 4, 1946.

Joseph A. Roney, of Washington, D. C. (J. Hubert Farmer, of Dothan, Ala., on the brief), for plaintiff.

J. H. Sheppard, of Washington, D. C., and Douglas W. McGregor, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES and MADDEN, Judges.

WHITAKER, Judge.

It appears from the foregoing findings that the facts in this case on the question of the Government's liability to refund the payments exacted under the Bankhead Cot-ton-Control Act, 48 Stat. 598, are the same as those in the case of Brackin v. United States, 44 F.Supp. 327, 96 Ct.Cl. 457. In both cases plaintiff had been required to purchase tax-exemption certificates and they sued to recover the amount paid for them on the theory that the Bankhead Cotton Act was unconstitutional.

That Act undertook to limit the production and sale of cotton. It provided for allotment to each grower of the amount he was permitted to produce tax free in any one year. If he produced and ginned and sold more than his allotment, he was subjected to a tax of 50 percent of the average market price for $\frac{7}{8}$-inch Middling spot cotton. No tax was imposed on the ginning and sale of the amount of his allotment. For this amount each grower was issued tax exemption certificates. If any grower did not produce his full allotment, he was privileged to sell these tax exemption certificates to a grower who had produced more than his allotment, and the grower producing more than his allotment and desiring to sell his cotton that year was privileged to buy these tax exemption certificates, in lieu of the payment of the tax imposed on the ginning of an excess production.

In order to facilitate the sale of these tax exemption certificates farmers were privileged to turn into a pool any that they did not need. A grower producing in excess of his allotment could buy these certificates from the pool. Both in the Brackin case and in this case the plaintiffs had purchased their certificates from the pool. The money received by the pool from the sale of these certificates was deposited in the Treasury of the United States, and later was disbursed to those turning certificates into the pool for sale, in proportion to the amount of the certificates each grower had turned in.

In the Brackin case plaintiff contended, as does the plaintiff here, that the Bankhead Cotton Act was unconstitutional and, therefore, any sums exacted under it were unlawfully exacted and, hence, the Government was under the duty of refunding the amounts. This court in the Brackin case declined to hold that the Act was un-

constitutional; but held that irrespective of its unconstitutionality the defendant was not liable to repay the amount paid for tax exemption certificates, because the Government did not get the benefit of the payments made. It was held that the Government received and held the payments merely as a trustee for the benefit of those who had turned in their certificates for sale, and that in due course the Government, as trustee, disbursed to these certificate holders all amounts received from the sale of them, less the expenses of administering the trust. While the funds went into the Treasury of the United States, it was held that they were nevertheless impressed with this trust and could be used only in order to discharge the obligations of the trust. It was, accordingly, held that the defendant was not liable for sums paid for these certificates.

A petition for certiorari was filed in the Supreme Court, but the writ was denied. Brackin v. United States, 317 U.S. 669, 63 S.Ct. 73, 87 L.Ed. 537.

What the court said in the Brackin case is, in our opinion, determinative of the rights of the parties in this case.

■ There is, however, a further consideration in this case which in our opinion precludes the plaintiff from the relief he seeks, irrespective of the correctness of the decision in the Brackin case.

The findings show that plaintiff received a loan of $500.00 under the Act of February 23, 1931, c. 278, 46 Stat. 1242, 1276. Plaintiff defaulted in the payment of both the principal and interest on this loan. Suit was brought against him and judgment was recovered on October 25, 1932, in the amount of $678.31. After crediting on this judgment the benefit payments to which plaintiff was entitled under the 1936 Soil Conservation Program, there remains due on this judgment the sum of $384.65, plus interest. The court is of opinion that plaintiff is not entitled to demand payment to him of the sum he seeks so long as this judgment remains unsatisfied.

■ It is further pertinent to observe that one of the stated purposes of Congress in passing the Bankhead Cotton Act was "to raise revenue to enable the payment of additional benefits to cotton producers under the Agricultural Adjustment Act [7 U.S.C.A. § 601 et seq.]," and that plaintiff has received under that Act the sum of $183.44 for rental and parity benefits for the year 1934. This is more than the amount for which he sues. Plaintiff has not tendered the repayment of this amount.

Not only for the reasons assigned in the Brackin case, but also for these additional reasons we are of opinion that plaintiff is not entitled to recover either in law or in equity. Any amount that might be paid plaintiff on his claim would be a gratuity.

■ The foregoing findings of fact, conclusion of law and opinion will be certified to Congress in accordance with Senate Resolution 152, passed May 20, 1943, and section 151 of the Judicial Code, 28 U.S. C.A. § 257. It is so ordered.

WHALEY, Chief Justice, and JONES, MADDEN, and LITTLETON, Judges, concur.